[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12258

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LUIS EDUARDO REY-DURIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:15-cr-00097-JDW-TGW-1

_____

Before JILL PRYOR, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Luis Rey-Durier, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under the First Step Act of 2018 ("First Step Act").[1]  Rey-Durier argues that the district court wrongly determined that U.S.S.G. § 1B1.13's policy statements were binding and that he did not present extraordinary and compelling circumstances to qualify for compassionate release under those policy statements.

We review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion for an abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  And while we liberally construe *pro se* filings, *see United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009), even a *pro se* party abandons an issue that he fails to brief, *Waldman v. Ala. Prison Comm'r*, 871 F.3d 1283, 1289 (11th Cir. 2017).  A litigant abandons a claim when he fails to "plainly and prominently" raise it or only makes "passing references" to an argument.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).  "To obtain reversal of a district court judgment that is based on multiple, independent grounds, [the appellant] must convince us that every stated ground for the judgment against him is incorrect."  *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (quoting *Sapuppo v. Allstate Floridian Ins.*

---

[1] Pub. L. 115-391, 132 Stat. 5194.

*Co.*, 739 F.3d 678, 680 (11th Cir. 2014)).  If he fails to properly challenge each ground on which the district court based its decision, we will deem him to have abandoned any challenge of those additional grounds, and "[i]t follows that [the judgment] is due to be affirmed." *Id.* (quoting *Sapuppo*, 739 F.3d at 683).

District courts lack the inherent authority to modify a term of imprisonment but may do so within 18 U.S.C. § 3582(c)'s provisions.  18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021).  As amended by § 603(b) of the First Step Act, § 3582(c)(1)(A) now provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

To grant a reduction under § 3582(c)(1)(A), a district court must find that three necessary conditions are satisfied, which are:

"support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). District courts need not address these three conditions in a specific sequence, as the absence of one forecloses a sentence reduction. *Id.*

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which include: reflecting the seriousness of the offense; promoting respect for the law; providing just punishment; deterring future criminal conduct; protecting the public; and providing the defendant with any needed training or treatment. § 3553(a)(2)(A)–(C). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences, and the need to provide restitution to any victims. *Id.* § 3553(a)(1), (3)–(7).

The district court is not required to discuss each of the § 3553 factors or explicitly state that it considered each of the factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Nonetheless, a district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review" of its denial of compassionate release. *United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021) (quoting *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017)). An order denying

compassionate release "must indicate that the court considered the [applicable] factors." *Id.* at 1184 (alteration in original) (quoting *Johnson*, 877 F.3d at 998). However, "[a] district court need not exhaustively analyze every factor in its order"; it merely must provide sufficient analysis for meaningful appellate review. *Id.*

On appeal, Rey-Durier does not challenge the district court's determination that the § 3553 factors did not favor his release. We therefore conclude that he has abandoned any argument regarding this determination. Furthermore, we conclude that the district court's § 3553 analysis is sufficient for appellate review, as it stated that a reduction would not comport with several specified § 3553 factors and addressed the circumstances of the offense, Rey-Durier's criminal history, and his previous sentence for a similar offense. Because a negative § 3553 determination is dispositive to this appeal, we affirm on that basis and need not reach Rey-Durier's arguments regarding extraordinary and compelling circumstances.

AFFIRMED.